**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

TONY BELL                                    )
                                             )  No. 20-589
         v.                                  )

KILOLO KIJAKAZI,
Acting Commissioner
of Social Security

**OPINION AND ORDER**

**SYNOPSIS**

In this action, Plaintiff filed an application for social security disability benefits and supplemental security income under Titles II and XVI of the Social Security Act, based on physical and mental impairments. His application was denied initially and upon hearing by an Administrative Law Judge ("ALJ"). The Appeals Council denied his request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied.

**OPINION**

**I.     STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966).  If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered.  Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947).  Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II.    THE PARTIES' MOTIONS

Plaintiff contends that the vocational expert ("VE") testimony was inconsistent with the DOT, and that the conflicts were not properly addressed.

The ALJ arrived at a residual functional capacity ("RFC") that included the ability to occasionally reach in all directions with the right arm, and frequently reach in all directions with

2

the left arm.  Upon questioning, the VE identified jobs of addresser (DOT # 209.587-018), cutter

and paster (DOT # 249.587-014), and document preparer (DOT # 249.587-018).  The parties

agree that all three jobs require "frequent" reaching.  The VE testified, in response to the ALJ's

question, that his testimony was consistent with the DOT, except as it pertained to absences and

time off task. The VE stated that the DOT was silent in that regard and thus her testimony was

based on her professional experience.  The record reflects no additional discussion regarding

limitations or DOT requirements regarding reaching frequency. In his opinion, the ALJ stated as

follows:

> Pursuant to SSR 00-4p, the undersigned determined that the vocational expert's testimony
> is consistent with the information contained in the Dictionary of Occupational Titles.
> However, the DOT does not address off-task limitations and absenteeism. The vocational
> expert's testimony regarding those limitations was based on personal experience.

Transcript [Docket No. 13], p. 22.

When there is an apparent, unresolved conflict between the DOT and a VE's testimony, an

ALJ is required to elicit a reasonable explanation for that conflict. SSR00-4P, 2000 SSR LEXIS

8.  As the parties' briefs suggest, there is not a clear consensus among courts considering

allegations of inconsistency between DOT reaching requirements and RFCs limiting reaching in

one arm.   In several cases finding that remand was warranted, the ALJ failed to ask the VE

whether her testimony was consistent with the DOT. See, e.g., Meloni v. Colvin, 109 F. Supp. 3d

734, 741 (M.D. Pa. 2015); but see Diehl v. Barnhart, 357 F. Supp. 2d 804 (E.D. Pa. .  In other

"reaching" cases, in which the VE was asked whether her opinion was consistent with the DOT,

courts have affirmed the ALJ's decision.  See, e.g., Goodman v. Colvin, No. 15-00807, 2016 U.S.

Dist. LEXIS 104885, at *46 (D. Ariz. Aug. 9, 2016); see also Goss v. Berryhill, No. 16-68, 2017

U.S. Dist. LEXIS 25041, at *7 (W.D. Pa. Feb. 23, 2017).  Further, in situations where the DOT is

silent as to bilateral or unilateral reaching, some courts have found no apparent conflict requiring

resolution. <u>Mitton v. Colvin</u>, No. 14-7399 (FLW), 2015 U.S. Dist. LEXIS 167247, at *35 (D.N.J. Dec. 15, 2015).  In several such cases, detailed questioning of the VE was found to have satisfied applicable standards.  <u>See</u>, <u>e.g.</u>, <u>Brown v. Colvin</u>, No. 15-323, 2016 U.S. Dist. LEXIS 160020, at *11 (E.D. Pa. Nov. 17, 2016).   For example, "[s]ome courts have held there to be no conflict … where the DOT indicates that a position requires frequent upper extremity activities such as handling and reaching, and the VE testifies that this could be done with one hand, with occasional help from the other, more limited hand."  <u>Knight v. Colvin</u>, No. 16-1816, 2018 U.S. Dist. LEXIS 45174, at *2 (W.D. Pa. Mar. 20, 2018).

It is clear that in many instances, the VE's confirmation that her testimony is consistent with the DOT will suffice to confirm a lack of conflict between that testimony and the DOT.  In other words, I neither follow nor announce any particular bright line rule here.  Under the circumstances present in this case, however, and in an abundance of caution, remand is warranted. For example, the VE stated that her opinion was consistent with the DOT, then specifically addressed the DOT's silence as to absences and off-task time; she made no mention, however, of the DOT's silence as to bilateral reaching.[1]  This renders the basis for her testimony regarding frequent reaching positions unclear.  Moreover, while this is a narrow issue, it would be dispositive in this case.  On remand, the ALJ should explore and/or clarify whether there is a conflict and, if so, its resolution.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion will be granted and Defendant's denied. This matter will be remanded. An appropriate Order follows.

---

[1] Accordingly, this case is different from <u>Goss v. Berryhill</u>, Civil Action No. 16-68, 2017 U.S. Dist. LEXIS 25041 (W.D. Pa. Feb. 23, 2017).

BY THE COURT:

*Donetta W. Ambrose*

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: August 5, 2021

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

TONY BELL                             )
                                      )  No. 20-589
     v.

KILOLO KIJAKAZI,
Acting Commissioner
of Social Security


**ORDER**

    AND NOW, this _____ day of July, 2021, it is hereby ORDERED, ADJUDGED, and

DECREED that Plaintiff's Motion is GRANTED, and Defendant's DENIED.  This matter is

remanded consistent with the foregoing Opinion.

                BY THE COURT:


_____

Donetta W. Ambrose

Senior Judge, U.S. District Court